UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Francisco ALFARO-VILLEGAS,<br>Petitioner,<br>v.<br>Markwayne MULLIN, *et al.*,<br>Respondents. | Case No. 2:26-cv-02228-ART-DJA<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) |

Petitioner Francisco Alfaro-Villegas has been detained in ICE custody since September 24, 2025. (ECF No. 1 at 5.) He brings this habeas petition to challenge his continued detention. The Court now GRANTS the petition for habeas corpus and orders Respondents to release Petitioner.

## I. BACKGROUND

Mr. Alfaro-Villegas, age 32 years, is a native and citizen of Guatemala, who has lived in the United States for more than twenty years. (ECF No. 1 at 5). According to the Form I-213, he came to the United States as a child on a nonimmigration B2 visa that authorized him to remain in the U.S. until 2003, overstayed his visa, and has been in the country ever since. (*Id.*) The petition notes that Mr. Alfaro-Villegas has "deep roots" in the U.S., including full-time employment and a spouse and four children, all of whom are U.S. citizens. (ECF No. 1 at 12.)

Mr. Alfaro-Villegas has been into federal immigration custody since September 2025. On September 23, 2025, he pleaded guilty in Utah state court to three counts of misdemeanor attempted possession of a forged writing device and was sentenced to a term of 364 days. (*Id.* at 6; ECF No. 11 at 562-63.)

Respondents took him into federal immigration custody the next day, on September 24 (ECF No. 1-2 at 4), and he has been detained at the Nevada Southern Detention Center since (ECF No. 1 at 2.) While the Form I-213 lists 2016 convictions for drug possession and theft (ECF No. 11 at 557), the record reflects that the drug conviction was vacated and the theft conviction was reduced to disturbing the peace (*id.* at 534). And though Mr. Alfaro-Villegas was arrested for domestic battery in 2019, that charge was dismissed. (ECF No. 1-2 at 4-6.)

In their response to the petition, Respondents detail that Mr. Alfaro-Villegas has received four bond hearings since being taken into ICE custody. The first occurred in November 2025 upon Mr. Alfaro-Villegas's motion, but he reportedly withdrew his request mid-hearing. (ECF No. 11 at 162.) The second, again upon Mr. Alfaro-Villegas's motion, was held in early December 2025. (ECF No. 10 at 3.) There, the immigration judge determined that he was subject to mandatory detention due to his 2016 drug offense conviction and, alternatively, denied bond based on the finding that he posed a danger to the community. (ECF No. 11 at 343).

Petitioner moved for a third bond hearing in late December 2025, arguing that circumstances had changed because his 2016 drug possession conviction had just been vacated. (ECF No. 10 at 3); *see also* 8 C.F.R. § 1003.19(e) (permitting detainees to move for a new bond hearing where they experience a material change in circumstances). The third bond hearing was held in January 2026. (ECF No. 10 at 3.) While recognizing that Mr. Alfaro-Villegas was no longer subject to mandatory detention due to the vacated conviction, the immigration judge nonetheless denied bond based on the finding that Petitioner is a danger to the community in light of his "theft/attempted forgery convictions." (*Id.*; ECF No. 11 at 526.)

Mr. Alfaro-Villegas's fourth bond hearing was held on July 13, 2026. (ECF Nos. 10 at 4, 11 at 551.) The immigration judge concluded that there had been

no change in circumstances to justify a new hearing and further reiterated its prior finding that Mr. Alfaro-Villegas "has not met his burden of demonstrating that he is not a danger to the community." (ECF No. 11 at 551.)

Mr. Alfaro-Villegas then filed this habeas petition. (ECF No. 1.) He also has a pending appeal to the Board of Immigration Appeals of a May 2026 removal order entered against him in immigration court. (ECF Nos. 10 at 3-4, 11 at 536.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001); *Hamdi*, 542 U.S. at 525 (explaining that habeas review "remain[s] a critical check on the Executive, ensuring that it does not detain individuals except in accordance with the law"). As such, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

As a threshold matter, Mr. Alfaro-Villegas asserts that he is subject to discretionary detention under 8 U.S.C. § 1226(a). From that starting point, he argues that his detention violates both his procedural and his substantive due process rights under the Fifth Amendment. (ECF No. 1 at 11-13.) Respondents

assert that Mr. Alfaro-Villegas is removable under 8 U.S.C. § 1227(a)(1)(B) because he overstayed his visa and that although he is currently detained under § 1226(a) (ECF No. 10 at 4-5), his criminal history supports treating his detention as mandatory under § 1226(c), thereby defeating his claims for relief (*id.* at 6-7). The Court begins by confirming the statute authorizing Mr. Alfaro-Villegas's detention, then proceeds to evaluate whether that detention is lawful.

**A. Mr. Alfaro-Villegas is detained under 8 U.S.C. § 1226(a).**

"8 U.S.C. § 1226 provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). "Section 1226(a) establishes the 'default rule'" permitting the federal government to issue a warrant for the arrest and detention of noncitizens pending removal proceedings, subject to important procedural protections. *Id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018)). "A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). In contrast, "[s]ection § 1226(c) creates certain exceptions to the default availability of bond under § 1226(a)." *Id.* Instead, this statute makes detention mandatory for a class of "individuals who have committed certain enumerated offenses or who have been involved in drug trafficking or terrorist activities." *Rodriguez Diaz*, 53 F.4th at 1198. Section 1226(c) imposes mandatory detention where a noncitizen has been convicted, for example, of two or more distinct crimes of moral turpitude or a single controlled substance crime. *See* 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. §§ 1227(a)(2)(A)(ii), (B).

Mr. Alfaro-Villegas argues, and the Government concedes, that he is subject to discretionary detention under § 1226(a). While he was originally detained under § 1226(c)(1)(B) based on his controlled substance conviction from 2016 (ECF No. 11 at 343) (order from second bond hearing), that conviction was

vacated in December 2025 (ECF No. 10 at 3). Indeed, Respondents acknowledge that Mr. Alfaro-Villegas "is currently detained under 8 USC Section 1226(a)." (*Id.* at 5-6). While Respondents argue that Mr. Alfaro-Villegas should be subject to mandatory detention under § 1226(c) based on his criminal history (*id.* at 6-7), they admit that this argument "was never made by ICE [in the foregoing proceedings] (*id.* at 3). The Court thus accepts Respondents' concession that the applicable statute in this case is § 1226(a).

**B. Mr. Alfaro-Villegas's detention under 8 U.S.C. § 1226(a) violates procedural due process.**

The Fifth Amendment imposes procedural "constraints on governmental decisions which deprive individuals of" their liberty. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1158 (D. Nev. 2025) ("Noncitizen detainees charged with being in the U.S. illegally are entitled to procedural due process."). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). In the immigration context, section 1226(a) and its implementing regulations guarantee noncitizens detained under the provision multiple levels of "substantial procedural protections" against the erroneous and unconstitutional deprivation of their liberty. *See Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073, 1091 (D. Nev. 2026) (quoting *Rodriguez Diaz*, 53 F.4th at 1196). "These protections include, but are not limited to, four key procedures for the purposes of this analysis: (1) service of a notice to appear, which provides critical context as to the basis for detention; (2) any arrest and custody under this provision must be pursuant to a lawfully executed administrative warrant; (3) at the outset of detention, a noncitizen detained under this provision receives an initial custody determination by the agency; and (4) the noncitizen then has an ability to appeal said custody determination—i.e., receive a custody redetermination (bond)

hearing before an immigration judge ("IJ")." *Rios-Rodriguez v. Blanche*, No. 2:26-cv-02117-RFB-MDC, 2026 WL 2280924, at *4 (D. Nev. Aug. 7, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1201–02); *Maren Marejon v. Mattos*, No. 2:26-cv-00427-GMN-BNW, 2026 WL 3026483, at *8 (D. Nev. Oct. 8, 2026). Mr. Alfaro-Villegas's petition turns on the fourth step in that procedure: whether the bond hearings he received were constitutionally and statutorily adequate.

At a bond hearing, "[w]hen determining whether a noncitizen is a danger to the community or risk of flight, an [immigration judge] weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 WL 962609, at *10 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024)). The factors the immigration judge "may" consider "include any or all of the following":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. at 40. "The *Guerra* factor most pertinent to assessing dangerousness is the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Martinez*, 124 F.4th at 783. Although a person's "criminal record is surely relevant to a bond assessment, *Guerra* contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011).

In evaluating the sufficiency of a bond hearing, a district court cannot

reweigh the evidence and is instead limited to reviewing only whether the correct legal standard was applied. *Martinez*, 124 F.4th at 785. This review may include determining whether, as a matter of law, the evidence presented could have supported the adjudicator's conclusion. *Lopez Crawford v. Blanche*, No. 2:26-CV-01552-CDS-BNW, 2026 WL 3136268, at *4 (D. Nev. Oct. 20, 2026) (citing *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). "When nothing in the record or the [immigration judge's] decision indicates a failure to consider all the evidence," the Court will accept the assertion that the immigration judge "properly assessed the entire record." *Martinez*, 124 F.4th at 785 (quoting *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011)). "But when there is an indication that something is amiss, like if the [decision-maker] 'misstat[es] the record' or 'fail[s] to mention highly probative or potentially dispositive evidence,'" the Court need not accept its assertion to the contrary at face value. *Id.* (quoting *Cole*, 659 F.3d at 771-72).

The Court concludes that "something is amiss" here. *Id.* Based on the record at hand, the Court finds that the immigration judge initially denied bond based on Mr. Alfaro-Villegas's 2016 controlled substance conviction, which placed him under § 1226(c)'s mandatory detention scheme. (ECF No. 11 at 343.) When that conviction was later vacated, the immigration judge again denied bond based on Mr. Alfaro-Villegas's "repeated law enforcement interactions and theft/attempted forgery convictions." (*Id.* at 526.) And at the latest hearing in July 2026, the immigration judge reiterated that "due to his continued interactions with law enforcement and recent theft/forgery related convictions he has not met his burden of demonstrating that he is not a danger to the community." (*Id.* at 551.) These stated findings focus entirely on Mr. Alfaro-Villegas's criminal history without acknowledging the other evidence he presented or the fact that, in his motion requesting this bond hearing, he argued that the immigration court should conduct a more holistic *Guerra* analysis. (*Id.* at 544-46.)

Indeed, at other points in the record, such as when the immigration court denied Mr. Alfaro-Villegas's application for asylum, withholding of removal, and protection under the Convention Against Torture, it recognized the "unusually high number of positive factors" in his favor. (*Id.* at 535.) Mapped onto the *Guerra* analysis, these include his deep family ties to the U.S., including his spouse and four U.S. citizen children, his employment as a plumber, the fact that he has lived in the U.S. for over twenty years and since he was a small child, and more. (*Id.* at 533-34; ECF No. 1 at 5-6.) Yet these factors appear nowhere in the orders denying Mr. Alfaro-Villegas bond. Instead, the orders reference Mr. Alfaro-Villegas's recent theft and forgery convictions. (ECF No. 11 at 526, 551.) But the immigration judge elsewhere acknowledges that the theft conviction, from 2016, was vacated. (*Id.* at 534.) All considered, "[t]here cannot be a correct application of a standard to a set of facts when the facts relied on are incorrect," *K.G.M.Q.*, 2026 WL 962609, at *4, and the Court cannot agree that the bond hearings Mr. Alfaro-Villegas has received are consistent with *Guerra*. Where that is the case, courts in the Ninth Circuit have repeatedly found that those hearings amount to constitutional procedural due process violations. *See, e.g.*, *Lopez Crawford*, 2026 WL 3136268, at *5-6; *K.G.M.Q.*, 2026 WL 962609, at *11-12; *Minango v. Bondi*, No. 2:26-cv-00235-ART-BNW, 2026 WL 1257028, at *4-5 (D. Nev. May 6, 2026); *Santiago Castro v. Mattos*, No. 2:26-cv-1283-ART-NJK, 2026 WL 1759561, at *3 (D. Nev. June 18, 2026).

Because the Court grants Mr. Alfaro-Villegas relief on the grounds that his bond hearing was constitutionally insufficient, it need not reach his remaining arguments. *See Alves v. Blanche*, No. 2:26-cv-01853-ART-BNW, 2026 WL 3181504, at *5 (D. Nev. Oct. 23, 2026) (granting relief on one ground and declining to analyze the petitioner's remaining arguments). The Court notes, however, that Mr. Alfaro-Villegas also asserts that while in detention, he has been subjected to racially discriminatory and prejudicial remarks, for which he

submitted a grievance that facility officials approved for investigation. (ECF No. 1 at 10-11.) Respondents do not acknowledge these troubling allegations and thus waived the right to contest them. *See, e.g.*, *Garcia Cortez v. Blanche*, No. 2:26-cv-01733-ART-DJA, 2026 WL 2824638, at *3 (D. Nev. Sept. 21, 2026); *cf. United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) ("[T]he U.S. Attorney waived [an] argument by failing to address it in his answering brief."); LR 7-2(d) (stating that failure to file points and authorities in response to a motion constitutes consent to granting the motion).

**C. The appropriate remedy is release.**

Having established a constitutional violation, the Court must determine what relief must be afforded. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). While ordering a new bond hearing may in some circumstances be an appropriate remedy, courts in this district have found that immediate release is warranted where a petitioner continues to suffer constitutional violations after submitting to numerous bond hearings, as ordering a yet another would be futile. *See Contreras Cintora v. Lyons*, No. 2:26-cv-01281-RFB-MDC, 2026 WL 1283315, at *3 (D. Nev. May 10, 2026) (finding after multiple constitutional violations "that the typical procedures governing bond hearings are insufficient to safeguard our country's guarantee of due process, warranting relief in the form of immediate release"); *Lopez Crawford*, 2026 WL 3136268, at *4. The Court thus finds that Mr. Alfaro-Villegas's immediate release is the correct means of remedying the constitutional harms to which he has been subjected.

Courts in this district have also found it necessary to adopt additional equitable remedies to ensure that Respondents provide due process moving forward. *See, e.g.*, *Jimenez Gomez v. Dep't of Homeland Sec.*, No. 2:26-cv-00922-RFB-DJA, 2026 WL 1164736, at *2 (D. Nev. Apr. 29, 2026) (collecting examples showing "[a]dmonishment is necessary because Respondents are repeatedly—

and increasingly—violating this Court's orders"); *Rios-Rodriguez,* 2026 WL 2280924, at *11 n. 11 (same); *Maren Marejon*, 2026 WL 3026483, at *8 (same); *see also Torres v. Blanche*, No. 5:26-cv-04209-KS, 2026 WL 2828638, at *6 (C.D. Cal. Sept. 21, 2026) (ordering similar equitable relief outside this district). Under the Court's broad and flexible power to fashion equitable relief in habeas cases, *see Lujan*, 734 F.3d at 933, it finds it justified to require that, in the event Respondents seek to re-detain Mr. Alfaro-Villegas under § 1226(a), they must provide him with a pre-deprivation bond hearing wherein the government must prove, by clear and convincing evidence, that the detainee presents a flight risk or a danger to the community such that detention is warranted. *See Martinez*, 124 F.4th at 784 (citation omitted) (affirming a district court's remedy under the Due Process Clause requiring the government to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community"); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025) (describing *Martinez*). While the Court does not take this step lightly, it finds it is necessary due to Respondents' violations of the law and petitioners' rights in this case and others to date.

Finally, the Court notes that the petition states a claim for attorneys' fees under the Equal Access to Justice Act. (ECF No. 1 at 14.) This argument was not developed in the petition or at the hearing, so the Court does not consider it.

**D. Compelling reasons support granting Respondents' motion to seal.**

Respondents have also filed a motion to seal the exhibits attached to their response to the petition. (ECF No. 9.) There is a strong presumption in favor of public access to judicial filings and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to overcome this presumption with regards to a dispositive pleading or attachment thereto "must articulate[ ] compelling reasons supported by factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at

1178-79 (quotations omitted). Courts "must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Respondents seek to seal an exhibit that contains numerous identification documents and personal details belonging to Mr. Alfaro-Villegas and his family members. Balancing the need for public access to information against the need to maintain the confidentiality of sensitive immigration-related matters and the identifying documents of non-parties who filed letters in support of Mr. Alfaro-Villegas, the Court finds that sealing the exhibit is warranted.

**IV. CONCLUSION**

It is therefore ordered that Petitioner's petition (ECF No. 1) is GRANTED.

It is further ORDERED that Respondents must RELEASE Petitioner from detention ON PERSONAL RECOGNIZANCE on November 6, 2026, between 1pm and 4pm. Counsel for Petitioner (or their designee/agent) will be permitted to wait in the public areas of the detention center during the release window.

It is further ORDERED that Respondents are PROHIBITED from imposing release conditions that substantially interfere with Petitioner's liberty, such as re-detention, electronic ankle monitoring, or enrollment in ISAP and ATD programs, without having established the reasonableness of those restrictions by clear and convincing evidence at a pre-deprivation hearing.

It is further ORDERED that Respondents must ensure that Petitioner's personal property has been returned.

It is further ORDERED that the parties shall file a joint notice of compliance with this order by November 11, 2026.

It is further ORDERED that Respondents' unopposed motion to extend the deadline for filing their response to the petition (ECF No. 8) is GRANTED nunc pro tunc, as they met the proposed deadline.

It is further ORDERED that Respondents' motion to seal the exhibits attached to their response (ECF No. 9) is GRANTED. The documents filed at ECF No. 11 shall remain under seal.

Dated this 5th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE